UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOMINGO P. GUERRA,

                Plaintiff,

v.                                             5:08-CV-0028
                                                  (NPM/GHL)
STEPHEN C. JONES, SCSC Superintendent
for the 2004-2005 School Year, *et al.*,

                Defendants.
_____

APPEARANCES:

DOMINGO P. GUERRA
  Plaintiff *Pro Se*
107 Cherry Hill Road
DeWitt, NY 13214

GEORGE H. LOWE, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

      This *pro se* employment discrimination action has been referred to me by the Honorable Neal P. McCurn, United States District Judge, to hear and determine any pretrial matters therein, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 of the Local Rules of Practice for this Court. On January 9, 2008, Domingo P. Guerra ("Plaintiff") filed his Complaint in this action (Dkt. No. 1), moved for leave to proceed *in forma pauperis* (Dkt. No. 2), and moved for the appointment of counsel (Dkt. No. 3). For the reasons discussed below, both Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) and his motion for the appointment of counsel (Dkt. No. 3) are denied without prejudice. Furthermore, I recommend that, if Plaintiff does not pay the $350.00 filing fee in full within thirty (30) days of the filing date of this order, this action be dismissed.

I.      **PLAINTIFF'S COMPLAINT**

Generally, in his 54-page, single-spaced, typed Complaint, Plaintiff, a former school teacher employed by the Syracuse City School District ("SCSD"), alleges that 14 employees or board members of the SCSD (as well as an unspecified number of "John Doe" Defendants) violated his civil rights under 42 U.S.C. § 2000e-5 when, between 2004 and 2005, they discriminated against him on the bases of his race, national origin, and age. (*See generally* Dkt. No. 1.) For a more complete statement of Plaintiff's claims, reference is respectfully made to the entire Complaint. (*Id*.)

II.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

Having carefully reviewed Plaintiff's *in forma pauperis* application, I find that Plaintiff may not properly proceed with this matter *in forma pauperis* based on that application. Specifically, in the application, Plaintiff acknowledges that he has the following income or assets:

(1) Between $500 and $1,000 in monthly income from "two part-time jobs as [an] inventory counter." (Dkt. No. 2 at ¶ 2[a].)

(2) A bank account containing between $0 and $200 at any given time. (*Id*. at ¶ 4.)

(3) Equity of approximately $42,000 in his home. (*Id*. at ¶ 5.)

(4) Two vehicles with a value of approximately $3,000, and a third vehicle on which he carries a car loan. (*Id*.)

While Plaintiff does state that he supports two children who are living at home while attending college, he acknowledges that his wife (whom he also allegedly supports) has approximately $1,910 in monthly disability income. (*Id*. at ¶ 3.) As a result, Plaintiff and his

wife have a joint monthly income of between $2,410 and $2,910, at least some of which would appear to be tax free. This Court has denied *in forma pauperis* requests by plaintiffs under analogous circumstances.[1]

For these reasons, I deny Plaintiff's request without prejudice. Furthermore, I recommend that, if Plaintiff does not pay the $350.00 filing fee in full within thirty (30) days of the filing date of this order, this action be dismissed.[2]

### III.   MOTION FOR APPOINTMENT OF COUNSEL

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of a party who lacks funds necessary to hire counsel. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

---

[1] *See, e.g.*, *Beaumont v. Comm'r of Soc. Sec.*, 04-CV-1084, Order (N.D.N.Y. Nov.15, 2004) (plaintiff had approximately $1,300 in bank account, had monthly income of approximately $974 in alimony and spouse's disability benefits, and supported daughter); *Houle v. Comm'r of Soc. Sec.*, 05-CV-0999, Order (N.D.N.Y. filed Aug. 12, 2005) (plaintiff had $838 in bank account, had $66,000 in equity in home, and supported both his wife and daughter); *Carrey v. Comm'r v. Comm'r of Soc. Sec.*, 04-CV-1343, Order (N.D.N.Y. Nov. 29, 2004) (plaintiff had salary of approximately $2,240 per month); *Zambri v. Comm'r of Soc. Sec.*, 07-CV-0639, Order (N.D.N.Y. June 20, 2007) (plaintiff had approximately $1,485 in bank account and monthly income of approximately $1,562).

[2] *See Sherrell v. Leonard*, 98-CV-156, 1998 WL 59458, at *1 (N.D.N.Y. Feb. 11, 1998) (Pooler, J., and Di Bianco, M.J.) (on magistrate's recommendation, ordering plaintiff to pay the filing fee or complete an application to proceed *in forma pauperis* within thirty days or else the matter would be dismissed without further order of the Court); *Christensen v. Bristol-Myers Co.*, 86-CV-0183, 1990 WL 6554, at *3 (S.D.N.Y. Jan. 22, 1990) (on magistrate's recommendation, revoking plaintiff's *in forma pauperis* status and ordering that the action be dismissed if plaintiff failed to pay the filing fee within thirty days of the order); *Morales v. E.I. du Pont de Nemours and Co.*, 02-CV-0786, 2004 WL 2106590, at *3 (W.D.N.Y. Sept. 21, 2004) (recommendation by magistrate that district judge issue an order of dismissal conditioned on the plaintiff's failure to pay the required filing fee).

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 [2d Cir. 1986]).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

Here, after carefully reviewing the file in this action, I find that (1) it appears as though, to date, Plaintiff has been able to effectively litigate this action, (2) it appears that the case does not present issues that are novel or more complex than those raised in most employment discrimination actions, (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many actions brought under 42 U.S.C. § 2000e-5 by *pro se* litigants),[3] it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any dispositive motions), and (4) I am unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** without prejudice; and it is further

---

[3] I note that, again, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974.

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice; and it is further

**RECOMMENDED** that, should Plaintiff not pay the Court's $350.00 filing fee in full within **THIRTY (30) DAYS** of the filing date of this order, this action be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 5, 2008
Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge